```
NAGEL RICE, LLP
Bruce H. Nagel, Esq.
bnagel@nagelrice.com
103 Eisenhower Parkway
Roseland, NJ  07068
973-618-0400
Attorneys for *Plaintiff and Putative Class*
```

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARILYN FORST, on behalf of herself and the Putative class,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC., LIVE NATION WORLDWIDE, INC., LIVE NATION CONCERTS, LIVE NATION TICKETING LLC, ABC CORP. 1-20,<br><br>Defendants. | Civil Action No. |

**COMPLAINT AND JURY DEMAND - CLASS ACTION**

Plaintiff, Marilyn Forst, residing in East Windsor, New Jersey, by and through her undersigned attorneys, by way of Complaint, brings this suit against Defendants Live Nation Entertainment, Inc. ("LNI"), Live Nation Worldwide, Inc. ("LNW"), Live Nation Concerts, Live Nation Ticketing, LLC ("LNT"), and ABC Corp. 1-20 (collectively "Defendants") to recover damages owed to her and others similarly situated.

## I. NATURE OF THE ACTION

1. Live Nation Entertainment, Inc., Live Nation Worldwide, Inc., and Live Nation Ticketing, LLC are the promoters of Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour.

2. Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour played two dates, April 3, 2012 and April 4, 2012 at the Izod Center in East Rutherford, New Jersey and three dates at MetLife Stadium in East Rutherford, New Jersey on September 19, 2012, September 21, 2012, and September 22, 2012. (collectively the five concerts will be referred to as the "Concerts").

3. Upon information and belief, Defendants withheld more than 5% of tickets for the Concerts from release to the general public, forcing fans into a secondary market for the tickets to the Concerts where they must pay substantially more than the ticket's face value.

4. Upon information and belief, Defendants had deals with brokers or others to purchase large blocks of tickets for the Concerts prior to those tickets being offered to the public.

5. The aforesaid acts constitute a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et. seq. ("CFA") that resulted in damage to the Plaintiff Class and Defendants' Unjust Enrichment.

6. The action seeks injunctive relief, damages and compensation to Plaintiffs and all class members from the Defendant, interest, disgorgement, costs of suit, treble damages and attorneys' fees as permitted under the CFA and/or the common law, and any other damages deemed just and proper by the Court.

7. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons who purchased tickets or who could not afford to purchase tickets to Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour on April 3, 2012 and April 4, 2012 at the Izod Center in East Rutherford, New Jersey and at MetLife Stadium in East Rutherford, New Jersey on September 19, 2012, September 21, 2012, and September 22, 2012 at a ticket price that is higher than the face value of the ticket from a period beginning with the first day tickets went on sale through the date of the concert. Excluded from the class are counsel representing the class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individuals whose interest are antagonistic to other class members.

## II. JURISDICTION

8.  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from the defendant, and seeks in the aggregate more than Five Millions Dollars ($5,000,000), exclusive of costs and interest.  On information and belief, more than two-thirds of the members of the Class defined below are residents of states other than New Jersey.

## III. PARTIES

9.  Plaintiff Marilyn Forst is an individual residing at 28 Covington Drive, East Windsor, New Jersey, a citizen of the State of New Jersey and a purchaser of tickets to Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour on April 3, 2012.  Plaintiff is a representative plaintiff.

10. Upon information and belief, Defendant Live Nation Entertainment, Inc. ("LNE") is a foreign corporation engaged in the business of producing, promoting, and selling tickets to concerts and other live entertainment events.  Its principal place of business is 9348 Civic Center Drive, Beverly Hills, CA 90210.

11. Defendant Live Nation Worldwide, Inc. ("LNW") is a wholly owned subsidiary corporation of Defendant Live Nation

Entertainment, Inc. and is registered with the New Jersey Division of Revenue to conduct business in New Jersey, with its registered agent located in West Trenton, Mercer County, New Jersey. Upon information and belief, LNW is responsible for selling, allocating and withholding tickets to concerts.

12. Defendant Live Nation Concerts ("LNC") is a wholly owned subsidiary of LNE which involves the global promotion of live music events, the operation and management of music venues and the production of music festivals across the world. Upon information and belief, LNC is responsible for selling, allocating and withholding tickets to concerts.

13. Defendant Live Nation Ticketing, LLC ("LNT") is a foreign limited liability company that is a wholly owed subsidiary of Defendant LNE. Upon information and belief, LNT is responsible for selling, allocating and withholding tickets to concerts.

14. Defendants ABC Corp. 1-20 are fictitious names for various subsidiary, parent, predecessor, and/or acquiree entities of Defendants Live Nation Entertainment, Inc., Live Nation Worldwide, Inc., and/or Live Nation Ticketing LLC or other entities or persons that have had any interest in or control over the sale, presale, or holdback of tickets to concerts from sale to the general public.

## IV. VENUE

15. Venue in this action properly lies in this District, pursuant to 28 U.S.C. Sec. 1319(a) and the Defendants are subject to personal jurisdiction in the District in which this action is filed.

## V. FACTUAL BACKGROUND

16. Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour was held on April 3, 2012 and April 4, 2012 at the Izod Center in East Rutherford, New Jersey and on September 19, 2012, September 21, 2012, and September 22, 2012 at MetLife Stadium in East Rutherford, New Jersey.

17. Upon information and belief, Defendants withheld more than 5% of tickets to the Concerts from sale to the general public.

18. In 2001, the New Jersey Legislature passed a law aimed at the practice of charging excessive premiums in excess of the price of the tickets. The bill also prohibited the practice of the withholding of more than five percent (5%) of the available seating from sale to the public for any event. The sponsors of the Bill envisioned penalties to include the remedies of the New Jersey Consumer Fraud Act.

19. Indeed, the passage of the law, N.J.S.A. 56:8-35-1, *et. seq.* became embodied in the New Jersey Consumer Fraud Act.

20. Upon information and belief, Defendants practice of withholding more than 5% of its tickets to the general public violates the New Jersey Consumer Fraud Act.

### FACTS RELATING TO PLAINTIFF

21. On January 27, 2012, plaintiff Forst purchased two tickets to Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour concert on April 3, 2012 at the Izod Center in East Rutherford, New Jersey.

22. Plaintiff Forst paid two hundred and twenty-five dollars per ticket plus fifty-six dollars and ninety-five cents in additional fees, which upon information and belief, was far in excess of the face value of the tickets.

### CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on her own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P 23 (b) (3). The Class consists of potentially thousands of ticket purchasers to Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour on April 3, 2012 and April 4, 2012 at the Izod Center in East Rutherford, New Jersey and on September 19, 2012, September 21, 2012, and September 22, 2012 at MetLife Stadium in East Rutherford, New Jersey victimized by Defendants' unlawful practices.

24. The Class consists of all persons who paid for or could not afford to pay for tickets to Bruce Springsteen and the E Street Band's 2012 Wrecking Ball tour on April 3, 2012 and April 4, 2012 at the Izod Center in East Rutherford, New Jersey and at MetLife Stadium in East Rutherford, New Jersey on September 19, 2012, September 21, 2012, and September 22, 2012 at a ticket price that is higher than the face value of the ticket from a period beginning with the first day tickets went on sale through the date of the concert.  The Class excludes counsel representing the class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other class members.

25. Defendants subjected Plaintiff and each of the Class members to unlawful practices and harmed them in the same manner.  Now, Plaintiff and each Class Member seek to enforce their rights and remedies pursuant to the New Jersey Consumer Fraud Act and the equitable theory of Unjust Enrichment.

26. <u>Numerosity</u>:  The proposed class is so numerous that individual joinder of all their members is impracticable.  While

the exact number and identities of the Class Members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. It is estimated that the Class consists of thousands of members.

27. <u>Typicality</u>: Plaintiff's claims are typical of the claims of her respective Class members in that she suffered similar damages resulting from a single course of conduct by Defendants. Each of the class members asserts the same legal causes of action.

28. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex lawsuits and class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interests adverse to the Class.

29. <u>Superiority of Class Action and Impracticability of Individual Actions</u>: Plaintiff and the members of the Class suffered harm as a result of Defendants' unlawful and fraudulent conduct. A class action is superior to other viable methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will

likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in the Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

30. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the class that predominate over any questions affecting only the individual members of the class. The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants withheld more than five percent (5%) of the tickets to the Concerts from sale to the general public;

b. Whether Defendants' actions violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-35.1;

c. Whether Defendants were unjustly enriched by its acts and omissions at the expense of the Plaintiff and the class;

d. Whether Plaintiffs and the putative class sustained damage and loss thereby;

e. The scope, extent and measure of damages and equitable relief that should be awarded;

f. Whether Defendant's acts and omission entitle Plaintiffs and the Class to treble damages, attorneys' fees, prejudgment interest and cost of suit;

g. Whether Plaintiffs and the Class are entitled to injunctive relief; and

h. Whether Plaintiffs and the Class are entitled to declaratory relief.

## COUNT I
### Violation of N.J.S.A. 56:8-35. 1
### (Bruce Springsteen Concerts)

31. Plaintiff Forst, on behalf of herself and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

32. Defendants are the providers of all tickets to the Concerts.

33. Upon information and belief, Defendants withheld more than 5% of tickets to the Concerts from sale to the general public.

34. Such practice is in contravention of N.J.S.A. 56:8-35.1, which prohibits withholding any amount of tickets more than 5 percent (5%) from the public.

35. Violation of this statute is a *per se* violation of the CFA and Defendants are strictly liable to the Plaintiff and the Class for such violations.

36. Plaintiff and class members suffered ascertainable losses consisting of the purchase price of the tickets in excess of the face value, and accordingly were harmed by Defendants' conduct in violation of the CFA.

WHEREFORE, Plaintiffs demand judgment against the Defendant, on their behalf and that of similarly situated class members as follows:

a. Awarding all relief available pursuant to the CFA;
b. Awarding treble damages and attorney's fees pursuant to the CFA;
c. Awarding compensatory damages;
d. Awarding interest;
e. Awarding attorneys' fees;
f. Awarding costs of suit;

g. Declaring that Defendant violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-35.3;

h. Injunctive relief;

i. Injunctive relief requiring Defendant to adhere to and comply with the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-35.3;

j. Injunctive relief requiring Defendant to create a method for season ticket holders and other ticket holders to lawfully sell back tickets to the venue for events they will not be able to attend; and

k. Granting other relief as this Court deems just and proper.

## COUNT II
### Unjust Enrichment

37. Plaintiff Forst, on behalf of herself and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Defendants' acts and omissions allowed the Defendants to gain millions of dollars in profits that would not have been gained, but for Defendants' acts and omissions.

39. Plaintiff and the putative Class paid an amount for tickets to the Concerts that exceed the value of the tickets to the Concerts as a result of Defendants' acts and omissions.

40. Plaintiff and the putative Class suffered damages due to the Defendants' acts and omissions as alleged herein.

41. Defendants have been unjustly enriched as a result of Defendants' unlawful acts.

42. Defendants lack legal justification for its acts and omissions alleged herein at Plaintiff and the putative Class' expense.

WHEREFORE, Plaintiffs demand judgment against the Defendant, on their behalf and that of similarly situated class members as follows:

l. Awarding all relief available pursuant to the CFA;

m. Awarding treble damages and attorney's fees pursuant to the CFA;

n. Awarding compensatory damages;

o. Awarding interest;

p. Awarding attorneys' fees;

q. Awarding costs of suit;

r. Declaring that Defendant violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-35.3;

s. Injunctive relief;

t. Injunctive relief requiring Defendant to adhere to and comply with the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-35.3;

u. Injunctive relief requiring Defendant to create a method for season ticket holders and other ticket holders to lawfully sell back tickets to the venue for events they will not be able to attend; and

v. Granting other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all issues in the above matter.

                                        **NAGEL RICE LLP**
                                        *Attorneys for Plaintiff and Putative Class*

                                        *s/ Bruce H. Nagel*
                                        Bruce H. Nagel, Esq.
                                        103 Eisenhower Parkway
                                        Roseland, New Jersey 07068
                                        (973) 618-0400

Dated:   April 17, 2014