NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN FORST, *et al.*, | |
| | Civ. No. 14-2452 |
| Plaintiffs, | |
| | **OPINION** |
| v. | |
| | |
| LIVE NATION ENTERTAINMENT INC., *et al.*, | |
| | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion of Plaintiffs Marilyn Forst, Eli Beyda, Jodi Scrivanic, and Marc Yenicag (collectively "Plaintiffs") for Reconsideration (ECF No. 31), challenging the Court's July 27, 2015 Order that dismissed with prejudice the Second Amended Complaint ("SAC") (ECF No. 30). Defendants Live Nation Entertainment, Inc., Live Nation Worldwide, Inc., Live Nation Concerts, Inc., and Live Nation Ticketing, LLC (collectively "Live Nation" or "Defendants") oppose. (ECF No. 34.) After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiffs' motion.

BACKGROUND

Plaintiffs are four New Jersey concert ticket purchasers[1] who allege that Defendants, as concert promoters, unlawfully withheld concert tickets in violation of New Jersey's Consumer

---

[1] Plaintiffs purchased tickets to one of the following four concerts in New Jersey: One Direction's August 4, 2014 Metlife Stadium concert, Bruce Springsteen's April 3, 2012 Izod

1

Fraud Act, N.J.S.A. 56:8-1 *et seq*. Specifically, N.J.S.A. 56:8-35.1 ("Section 35.1") limits to no more than five percent the fraction of event tickets that may be withheld from sale to the general public. Plaintiffs allege that Defendants engage in a general practice of withholding more than five percent of concert tickets from sale to the general public by reserving blocks of tickets for brokers, venues, artists, and ticketing companies who subsequently resell those tickets at higher prices on the secondary market, thereby causing consumers such as Plaintiffs to pay higher prices for tickets. Plaintiffs bring a putative class action lawsuit on behalf of themselves and all others who purchased tickets in the last six years to concerts promoted by Defendants.

On February 27, 2015 this Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint without prejudice for failure to satisfy the pleading standards. (Order, ECF No. 19.) On March 27, 2015 Plaintiffs filed the SAC. (Second Am. Compl., ECF No. 20.) The SAC did not contain any specific allegations relating to the four concerts attended by Plaintiffs. Instead, the SAC asserted a broad practice of unlawful ticket withholding, based on information suggesting that Defendants withheld over fifteen percent of tickets to a July 2013 Beyoncé concert at Boardwalk Hall, eighty-four percent of the tickets to a March 2013 Pink concert at the Izod Center, and sixty-seven percent of the tickets to a July 2013 One Direction concert at the Izod Center. The four named Plaintiffs did not purchase tickets to any of those three concerts. On April 24, 2015 Defendants filed a motion to dismiss the SAC, which the Court granted with prejudice on July 27, 2015 for inadequate pleading. (Mot. Dismiss, ECF No. 22; Order, ECF No. 30.) Plaintiffs presently move for reconsideration of the July 27, 2015 order, arguing that the Court misapplied the pleading standard. Included as part of Plaintiffs' motion papers is the

---

Center concert, Luke Bryan's August 24, 2013 PNC Bank Arts Center concert, and Dave Matthews Band's June 6, 2013 PNC Bank Arts Center concert.

Certification of Greg Kohn, who, after the SAC was dismissed, obtained documents through the Open Public Records Act ("OPRA") that allegedly indicate Defendants unlawfully and systematically withheld over five percent of tickets to twenty-four concerts at the Boardwalk Hall venue in Atlantic City, New Jersey.

## DISCUSSION

A. Legal Standard

New Jersey Local Civil Rule 7.1(i) allows a court to reconsider a ruling only upon demonstration of the dispositive factual matters or controlling decisions of law which were previously presented to but overlooked by the Judge. *See* L. Civ. R. 7.1(i), *Menke v. Baker*, No. 10-2585, 2012 WL 3146876, at *3 (D.N.J. Aug. 1, 2012); *Iacono v. Mauger*, No. 08-1197(JBS), 2008 WL 2945973, at *1 (D.N.J. July 29, 2008). To succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new, previously unavailable evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an "extraordinary remedy" and should be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214 JBS/JS, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

B. Analysis

Plaintiffs argue that the Court applied an overly stringent standard in evaluating Defendants' Motion to Dismiss because the Court failed to draw all inferences in favor of Plaintiffs as the non-moving party, failed to properly weigh the fact that Defendants were in control of the relevant documents, and erroneously required Plaintiffs to prove their claim in their complaint rather than merely plead it. Plaintiffs challenge the Court's findings that (1) the

SAC failed to plead specific facts relating to the four concerts to which the named Plaintiffs purchased tickets and (2) it was unreasonable to infer or generalize a broad practice of ticket withholding from three other concerts not attended by Plaintiffs.  Lastly, Plaintiffs also claim that the Court's ruling disincentivizes due diligence by a plaintiff because the information they find "will be held against them."  (Pl.'s Br. Supp. Mot. Recons. 5, ECF No. 31.)

However, Plaintiffs have not satisfied the high standard for reconsideration.  First, there is no assertion of any intervening change in the law.  Second, to the extent Plaintiffs' rely on the Boardwalk Hall documents in the Kohn Certification to demonstrate Defendants' general practice of unlawfully withholding tickets to all concerts regardless of venue and artist, these documents do not constitute new evidence within the meaning of Local Civil Rule 7.1(i).  Plaintiffs admit in their brief that the OPRA request was made after the SAC was filed, and they have not asserted that such information was unavailable prior to the Court's July 27, 2015 ruling.  However Rule 7.1(i) relief is appropriate only where evidence was previously unavailable.  *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (explaining that in the context of a motion for reconsideration, new evidence is evidence that the party could not have previously submitted prior to the adverse ruling); *Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011) (affirming the district court's denial of a motion for reconsideration where "the evidence submitted in support was not in fact newly discovered").  Thus Plaintiffs cannot rely on the Kohn certification as the basis for their motion.

Third, Plaintiffs' arguments relating to the Court's application of the pleading standard fail to show a clear error of law.  Plaintiffs argue that the Court erroneously applied a heightened pleading standard, failed to draw all inferences in Plaintiffs' favor as the non-moving party, and failed to grant leniency based on the fact that evidence of the relevant factual details was in

Defendants' control.  Federal Rule of Civil Procedure 8(a) requires the complaint to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (emphasis added).  The Supreme Court has interpreted this statutory language to demand that a complaint contain sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where the well pleaded-facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Id*. at 679 (internal quotation marks, brackets, and citations omitted).  Furthermore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Plaintiffs have not identified a clear error of law with respect to the applicable pleading standard.  Section 35.1 of the Consumer Fraud Act bans withholding more than five percent of tickets from sale to the general public.  To survive a motion to dismiss, Plaintiffs' complaint must allege sufficient facts for the Court to reasonably infer, based on its judicial experience and common sense, that the Defendants are liable for a Section 35.1 violation.  As explained in the Court's July 27, 2015 Opinion, the only facts alleged in the SAC in support of such misconduct concerned three other, unrelated concerts involving different artists, venues, and dates and not attended by Plaintiffs.  The Court did not find it reasonable to generalize a broad, all-encompassing pattern of ticket withholding by Defendants solely from allegations regarding three other, distinct concerts.[2]  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

---

[2] While the recently obtained evidence submitted by Plaintiffs in the Kohn certification suggests a broader practice of ticket withholding by Defendants, there is no indication that such evidence was previously unavailable, and motions for reconsideration are not intended "to provide the

2009) (explaining with citations to *Iqbal* that demonstrations of a "mere possibility of misconduct" are insufficient to satisfy the pleading standard); *Twombly*, 550 U.S. at 555 (stating that to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and citing Wright and Miller to explain that the pleadings must contain more than facts "that merely create[] a suspicion [of] a legally cognizable right of action"). Plaintiffs have not identified any controlling authority overlooked by the Court in its application of the pleading standard.[3] Instead, Plaintiffs' arguments regarding the drawing of inferences, leniency,[4] and weighing of circumstantial evidence reflect only a disagreement with the Court rather than any clear error of law, and motions for reconsideration are not a mechanism to rehash previously asserted arguments. *See, e.g.*, *Buffa v. N.J. State Dep't of Judiciary*, 56 F. App'x 571, 575 (3d Cir. 2003) (stating that such motions "do[] not permit a Court to rethink its previous decision"); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original

---

parties an opportunity for a second bite at the apple." *Seldon v. Rebenack, Aronow & Mascolo, LLP*, No. 12-5283, 2013 WL 1849036, at *2 (D.N.J. May 1, 2013) (internal citations omitted).

[3] Plaintiffs rely on *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) for the assertion that "[s]pecific facts are not necessary to rise to the level of plausibility and need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (Pl.'s Br. Supp. Mot. Recons. 9, ECF No. 31.) However, this case was not cited in Plaintiffs' previous motion papers and moreover, it predates the Supreme Court's ruling in *Iqbal*, which more thoroughly outlines the controlling pleading standard and specifies that the complaint must contain sufficient facts for a court to reasonably infer misconduct. Nor does Plaintiffs' reliance on *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) reveal any error in this Court's July 27, 2015 ruling; to the extent there is any conflict, that case also predates *Iqbal* and *Fowler*.

[4] The fact that the Court explicitly addressed the issue of Defendants' exclusive possession of relevant documents in its prior Opinion (July 27, 2015 Op. 5, ECF No. 29) illustrates that Plaintiffs merely disagree with the Court's ruling rather than that the Court has overlooked controlling law. *See* L. Civ. R. 7.1(i) (stating that the party moving for reconsideration must identify the controlling decisions which the Judge has overlooked).

6

decision fails to carry the moving party's burden."). Instead, "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Gibson v. Mueller*, No. 09-6486-NLH-JS, 2012 WL 1079128, at *10 (D.N.J. Mar. 29, 2012). Thus, Plaintiffs have not demonstrated any clear error of law or the overlooking of any controlling authority that would warrant reconsideration.

Lastly, to the extent Plaintiffs claim manifest injustice based on the assertion that the Court's ruling "penalize[s] plaintiffs for doing due diligence prior to filing the complaint," the claim is mistaken. Plaintiffs initially filed their Complaint on April 17, 2014, then amended it on August 4, 2014. The Court granted Defendants' initial motion to dismiss without prejudice, affording Plaintiffs another opportunity to adequately plead their claims. Plaintiffs filed the SAC on March 27, 2015, and the Court dismissed it with prejudice on July 27, 2015. Thereafter, Plaintiffs submitted the evidence of Defendants' broader ticket withholding practices at Boardwalk Hall. At this point, even assuming for purposes of argument that the Boardwalk Hall documents would be sufficient to plausibly assert Defendants' systematic ticket withholding practices, granting Plaintiffs a further opportunity to replead their claim would reward litigants for failing to do due diligence prior to filing the complaint as they could instead, as Plaintiffs here have done, drag out the process of amending the complaint for over a year before being forced to gather the information necessary to properly plead their claims.

## CONCLUSION

For the reasons above, the Court will deny Plaintiffs' Motion for Reconsideration. A corresponding Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.